■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WRIGHT, Appellant. [862 NYS2d 623]—

Rose, J. Appeal from an order of the County Court of Schenectady County (Drago, J.), entered March 3, 2008, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty to one count of attempted rape in the first degree and one count of sodomy in the second degree in full satisfaction of a 14-count indictment arising out of charges that he had molested his girlfriend's two teenage daughters (*People v Wright*, 21 AD3d 583 [2005], *lv denied* 5 NY3d 857 [2005]). Near the end of his sentence of incarceration, defendant was adjudicated to be a risk level three sexually violent offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), and he now appeals that determination.

Initially, defendant challenges the voluntariness of his plea of guilty because he had not been advised of the period of time that he would be registered as a sex offender. Such a challenge, however, is not properly raised on appeal from the SORA determination because that determination is not a part of the criminal action (*see People v Stevens*, 91 NY2d 270, 277 [1998]). Were we to consider it in any event, we would find it to be without merit because a defendant need not be advised of the collateral consequences of his or her guilty plea (*see People v Catu*, 4 NY3d 242, 244 [2005]; *People v Ford*, 86 NY2d 397, 403 [1995]), and this Court has consistently held that the duty to register as a sex offender is a collateral consequence (*see People v Nash*, 48 AD3d 837, 837-838 [2008]; *People v Ellis*, 46 AD3d 934, 935 [2007], *lv denied* 10 NY3d 764 [2008]; *People v Clark*, 261 AD2d 97, 99-100 [2000], *lv denied* 95 NY2d 833 [2000]).

Next, County Court properly assessed 20 points under the duration of offense risk factor because the victims' grand jury testimony detailing numerous separate sexual advances and attacks occurring over an extended period of time, buttressed by the case summary and presentence investigation report, together with defendant's guilty plea, establishes a continuing course of sexual contact by clear and convincing evidence (*see People v Richards*, 50 AD3d 1329, 1330 [2008]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 10 [2006]). As for the assessment of 15 points for his failure to take responsibility for his actions, it is enough for us to note that, despite his plea of guilty, defendant has continued to assert his innocence. Next, County Court could also properly take judicial notice of defendant's prior conviction for attempted assault in the second degree (*see Matter of Anjoulic J.*, 18 AD3d 984, 986 [2005], and then consider it and the presentence investigation report noting his prior alcohol and substance abuse in assessing 15 points each for the factors of prior convictions and substance abuse (*see People v Warren*, 42 AD3d 593, 594 [2007], *lv denied* 9 NY3d 810 [2007]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13-15 [2006]).

Finally, County Court's refusal to grant defendant's unjustified request for an adjournment did not deprive him of his constitutional right to due process (*see* Correction Law § 168-n [3]; *Doe v Pataki*, 3 F Supp 2d 456, 470-471 [1998]; *People v Warren*, 42 AD3d at 594).

Mercure, J.P., Kane, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.