■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELBERT PARKER, Appellant. [883 NYS2d 315]—

Rose, J. Appeal from an order of the County Court of Schenectady County (Drago, J.), entered December 31, 2008, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

In 2003, defendant pleaded guilty to one count of attempted rape in the first degree and was sentenced to 7½ years in prison and five years of postrelease supervision. In anticipation of his release from prison, the Board of Examiners of Sex Offenders recommended that defendant be classified as a risk level two sex offender (85 points) in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). Following a hear-

ing, County Court agreed with that classification and defendant appeals.

We affirm. The People bear the burden of establishing the appropriate risk level classification by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Stewart*, 61 AD3d 1059, 1060 [2009]). Such evidence may consist of "reliable hearsay including, among other things, the presentence investigation report, risk assessment instrument and case summary, as well as any grand jury testimony and the victim's sworn statement to police" (*People v Stewart*, 61 ADd at 1060 [citation omitted]).

Here, defendant takes issue with the assessment of 30 points on risk factor 1, which involves the use of violence while armed with a dangerous instrument. The victim's sworn statement to police and the case summary indicate that, during the assault, defendant held a pillow over the victim's face to muffle her screams. We agree with County Court that, used in this manner, the pillow was "readily capable of causing death or other serious physical injury" and constituted a dangerous instrument (Penal Law § 10.00 [13]; *see People v Vasquez*, 88 NY2d 561, 580 [1996]; *People v Cwikla*, 46 NY2d 434, 442 [1979]; *People v Marshall*, 105 AD2d 849, 850 [1984]).

County Court also properly assessed 15 points on risk factor 11 for defendant's history of alcohol abuse. Defendant abused alcohol for a prolonged period of time and alcohol was involved in the commission of the present offense (*see People v Longtin*, 54 AD3d 1110, 1111 [2008], *lv denied* 11 NY3d 714 [2008]; *People v Regan*, 46 AD3d 1434, 1434-1435 [2007]). Defendant, to his credit, completed alcohol treatment programs while in prison, but "his recent history of abstinence while incarcerated is not necessarily predictive of his behavior when no longer under such supervision" (*People v Warren*, 42 AD3d 593, 594 [2007], *lv denied* 9 NY3d 810 [2007]).

Finally, we have considered defendant's remaining contentions and find them lacking in merit.

Peters, J.P., Spain, Kane and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.