■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL R. BROWNELL, Appellant. [887 NYS2d 276]—

Spain, J. Appeal from an order of the County Court of Washington County (Pritzker, J.), entered November 30, 2007, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant entered an *Alford* plea of guilty to sexual abuse in the first degree in full satisfaction of a three-count indictment arising from defendant's repeated sexual contact with a female child between the time she was 10 and 14 years old. Defendant was thereafter sentenced to a prison term of four years, to run concurrent to a prison term of four years upon his plea of guilty to assault in the second degree, based upon a separate indict-

ment charging him with injuring a Washington County correction officer. Prior to his release, County Court issued a detailed written decision and order adjudicating defendant to be a risk level three sexually violent offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C) and defendant now appeals.

Defendant argues that his risk level three classification is not supported by clear and convincing evidence, specifically challenging County Court's assignment of points in risk factor four for the duration of the offense and in risk factor 11 for history of drug or alcohol abuse. We disagree. Points are assessed for a continuing course of sexual misconduct under risk factor four when, as relevant here, a defendant engages in "three or more acts of sexual contact over a period of at least two weeks" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 10 [2006]). Here, evidence including the victim's grand jury testimony and sworn statement to police referring to numerous acts of sexual contact by defendant over a period of more than three years established a continuing course of sexual misconduct by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Richards*, 50 AD3d 1329, 1330 [2008], *lv denied* 10 NY3d 715 [2008]; *see also People v Wright*, 53 AD3d 963, 964 [2008], *lv denied* 11 NY3d 710 [2008]).

Regarding the assessment of points for drug or alcohol abuse, such an assessment is proper "if an offender has a substance abuse history or was abusing drugs and or alcohol at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]). The record establishes that defendant has had prior alcohol-related convictions, including a conviction for driving while ability impaired at or around the time of the instant sex crime; defendant also admitted using illegal drugs in the past. Accordingly, County Court's assessment of points under risk factor 11 was also supported by the requisite clear and convincing evidence (*see People v Wright*, 53 AD3d at 964; *People v Vaughn*, 26 AD3d 776, 777 [2006]). Therefore, we find that defendant was properly classified as a risk level three sexually violent offender.

Mercure, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.