THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW W. LERCH, Appellant. [885 NYS2d 919]—

Lahtinen, J. Appeal from an order of the County Court of St. Lawrence County (Richards, J.), entered January 28, 2008, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty to a superior court information charging him with criminal sexual act in the third degree and was sentenced to 120 days in the local jail and placed on probation for 10 years. In anticipation of his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument presumptively classifying defendant as a risk level two sex offender in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). Following a hearing, County Court adhered to the Board's recommendation and classified defendant as a risk level two sex offender. This appeal by defendant ensued.

Defendant initially contends that he was improperly assessed 10 points under risk factor 12 for failing to accept responsibility. We cannot agree. Although defendant pleaded guilty and indicated during the course of his interview with the Probation Department that he regretted his behavior, he also described the victim as a "provocateur," contended that the sex between them was "completely consensual" and alleged that he had been misled by the victim regarding his age. Under these circumstances, the record supports the finding that defendant failed to genuinely accept responsibility for his actions (*see*

*People v Thomas*, 59 AD3d 783, 785 [2009]; *People v Hurlburt-Anderson*, 46 AD3d 1437 [2007]; *People v Dubuque*, 35 AD3d 1011 [2006]).

Nor are we persuaded that defendant was improperly assessed 15 points under risk factor 11 for drug or alcohol abuse. An assessment of points under this factor is appropriate "if an offender has a substance abuse history *or* was abusing drugs and or alcohol at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006] [emphasis added]). Defendant indicated that on the night of the incident, he ingested eight pain pills and consumed half a bottle of liquor and approximately four beers. We therefore find that County Court's assessment of 15 points under this factor was entirely proper (*see People v Bateman*, 59 AD3d 788, 789-790 [2009]; *see also People v Parker*, 62 AD3d 1195 [2009]; *People v Longtin*, 54 AD3d 1110, 1111 [2008], *lv denied* 11 NY3d 714 [2008]). In sum, as the record contains clear and convincing evidence to support the contested points, we cannot say that County Court abused its discretion in classifying defendant as a risk level two sex offender. Accordingly, County Court's order is affirmed.

Mercure, J.P., Kane, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.