■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES AYALA, Appellant. [898 NYS2d 912]—

Appeal from an order of the Erie County Court (Michael L. D'Amico, J.), entered August 21, 2007. The order determined that defendant is a level one risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level one risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*), defendant contends that County Court erred in determining that he is subject to SORA's registration requirements because the record establishes that he poses no risk of reoffense. We reject that contention.

"SORA requires defendant to register based upon his conviction of an enumerated sex offense, not because of his level of dangerousness" (*People v Hood*, 16 AD3d 778, 779 [2005], *lv denied* 4 NY3d 853 [2005]; *see generally People v Knox*, 12 NY3d 60, 65 [2009], *cert denied* 558 US —, 130 S Ct 552 [2009]). Pursuant to Correction Law § 168-a (3), defendant is a sexually violent offender by virtue of his 1986 conviction of sodomy in the first degree (former Penal Law § 130.50 [1]), and SORA does not "include a 'no risk' category that exempts purportedly nondangerous offenders from having to register" (*Hood*, 16 AD3d at 779).

Contrary to the further contention of defendant, we conclude that he was provided effective assistance of counsel at the SORA hearing (*see People v Carey*, 47 AD3d 1079, 1080 [2008], *lv denied* 10 NY3d 893 [2008]). Defendant's contentions concerning the underlying conviction and the appeal from that judgment of conviction are not properly before us on this appeal from the order determining his risk level, inasmuch as the SORA determination is not part of the criminal action (*see People v Wright*, 53 AD3d 963 [2008], *lv denied* 11 NY3d 710 [2008]). Present—Scudder, P.J., Martoche, Lindley, Green and Gorski, JJ.