■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LUEBBERT, Appellant. [901 NYS2d 754]—

Cardona, P.J. Appeal from an order of the County Court of Broome County (Cawley, J.), entered January 29, 2009, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

Following a jury trial, defendant was convicted of three counts of sexual abuse in the third degree and one count of endangering the welfare of a child. The Board of Examiners of Sex Offenders thereafter prepared a risk assessment instrument that presumptively classified defendant as a risk level two sex offender. County Court adopted the Board's recommendation and defendant now appeals, contending that he was improperly scored points for continuing course of sexual misconduct, history of alcohol or substance abuse and failing to accept responsibility.

Contrary to defendant's assertion, in determining whether he should be assessed points for a continuing course of sexual misconduct, County Court was not limited to the crime of conviction (*see People v Callan*, 62 AD3d 1218, 1218-1219 [2009]). Rather, the court could properly consider other reliable hearsay evidence, including the victim's statement to the police, which plainly described "three or more acts of sexual contact

over a period of at least two weeks" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 10 [2006]; *see People v Richards*, 50 AD3d 1329, 1330 [2008], *lv denied* 10 NY3d 715 [2008]; *People v Case*, 46 AD3d 996, 996-997 [2007]).

We reach a similar conclusion regarding the points assessed for history of alcohol or substance abuse. Although defendant's two prior alcohol-related convictions preceded the instant offense by a number of years, these convictions, coupled with defendant's statements regarding his alcohol consumption, were sufficient to sustain the points assessed (*see People v Brownell*, 66 AD3d 1060, 1061 [2009]; *People v Goodwin*, 49 AD3d 619, 620-621 [2008], *lv denied* 10 NY3d 713 [2008]). Finally, in light of the fact that defendant continues to deny that he engaged in sexual contact with the victim, we cannot say that he was improperly scored for failing to take responsibility for his actions. Accordingly, County Court's order is affirmed.

Mercure, Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.