■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RHODEHOUSE, Appellant. [908 NYS2d 769]—

Garry, J. Appeal from an order of the County Court of Schuyler County (Argetsinger, J.), entered October 4, 2009, which classified defendant as a risk level three sex offender and

a sexually violent offender pursuant to the Sex Offender Registration Act.

In 1985, defendant was convicted in Florida of sexual battery, arising out of an incident wherein he beat his live-in girlfriend, then restrained and raped her. Shortly after his release on parole, defendant allegedly blackmailed, forcibly restrained and raped another woman, and pleaded guilty to extortion, attempted kidnapping and false imprisonment. Defendant relocated to this state, following which the Board of Examiners of Sex Offenders prepared a risk assessment instrument in which he was assigned 110 points, presumptively placing him in the risk level three category under the Sex Offender Registration Act (*see* Correction Law art 6-C). Both the People and defendant challenged the number of points assigned and, after a hearing, County Court assessed defendant 140 points and designated him a risk level three sexually violent offender. Defendant appeals.

The People shoulder the burden of establishing the proper risk level classification by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Parker*, 62 AD3d 1195, 1196 [2009], *lv denied* 13 NY3d 704 [2009]). That evidence may include "reliable hearsay evidence, including the presentence investigation report, case summary and statements made by the victim" (*People v Legall*, 63 AD3d 1305, 1306 [2009], *lv denied* 13 NY3d 706 [2009]; *see People v Parker*, 62 AD3d at 1196).

Here, the People satisfied that burden with regard to the addition of 15 points under risk factor 11 for drug or alcohol abuse. An assessment of points under that factor is permissible if "an offender has a substance abuse history or was abusing drugs and or alcohol at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]; *see People v Lerch*, 66 AD3d 1088, 1089 [2009], *lv denied* 13 NY3d 715 [2010]). The case summary contains defendant's admission that he had a drinking problem, he has a prior conviction for driving while intoxicated, and alcohol consumption was involved in the events that led to his convictions for extortion, attempted kidnapping and false imprisonment. Accordingly, clear and convincing evidence supports the assessment of 15 points under risk factor 11 (*see People v Brownell*, 66 AD3d 1060, 1061 [2009]; *People v Vaughn*, 26 AD3d 776, 777 [2006]). As defendant does not dispute on appeal that he was appropriately assessed 95 points under the remaining factors, nor argue that a downward departure was warranted, we find that he was properly classified by County Court as a risk level three sex offender.

Mercure, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.