■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. JENKINS, Appellant. [911 NYS2d 727]—

Cardona, P.J. Appeal from an order of the County Court of St. Lawrence County (Rogers, J.), entered February 5, 2009, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

Following a jury trial, defendant was convicted in 2000 of attempted sodomy in the first degree and sexual abuse in the first degree. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified him as a risk level three sexually violent offender (125 points). Following a risk assessment hearing, County Court classified him as a risk level two sexually violent offender (85 points). Defendant now appeals.

We affirm. The presentence investigation report, case summary and defendant's prior criminal history reveal not only that he had a history of substance abuse, but he was also using drugs at the time of the offenses which resulted in his 2000 convictions; as such, they provide clear and convincing evidence supporting County Court's assessment of 15 points for drug abuse (see People v Luebbert, 73 AD3d 1399, 1400 [2010]; People v Brownell, 66 AD3d 1060, 1061 [2009]). Defendant points out that he underwent substance abuse treatment and did not test positive for drugs while in prison, but "his recent history of abstinence while incarcerated is not necessarily predictive of his behavior when no longer under such supervision" (People v Warren, 42 AD3d 593, 594 [2007], lv denied 9 NY3d 810 [2007]; accord People v Parker, 62 AD3d 1195, 1196 [2009], lv denied 13 NY3d 704 [2009]).

Next, defendant contends that he was denied meaningful representation because counsel allowed him to orally argue several legal points at the hearing. However, it appears from the transcript that defendant wished to speak on his own behalf, and he does not contend otherwise on this appeal. Moreover, his presentation was both cogent and articulate. Notably, counsel did not take an adverse position on the arguments raised by defendant, but merely advised County Court that defendant wished to address them. Viewing counsel's performance in its totality, we are satisfied that defendant received meaningful

representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]).

Defendant's remaining argument is not preserved for our review and, in any event, is without merit.

Rose, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.