Peters, P.J.
Appeal from an order of the County Court of Saratoga County (Scarano, J.), entered March 3, 2010, which *1179 classified defendant as a risk level three sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act.
In March 2003, defendant was charged with three counts of sodomy in the first degree, four counts of sexual abuse in the second degree and two counts of endangering the welfare of a child based upon allegations that he engaged in numerous oral and anal sexual acts with a 12-year-old male relative, at times in the presence of a 13-year-old female relative. He thereafter pleaded guilty to one count of attempted sodomy in the first degree in full satisfaction of the charges and was sentenced by County Court to a term of 7x/2 years in prison, plus a period of postrelease supervision. The Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) prior to defendant’s release recommending that he be classified as a risk level three sex offender and a sexually violent offender. After a hearing, County Court adopted the Board’s recommendation. Defendant appeals, and we affirm.
Initially, defendant’s arguments pertaining to his judgment of conviction are not properly before this Court and will not be addressed (see CPL 1.20 [15]; 450.10; see e.g. People v Smith, 15 NY3d 669, 673 [2010]; People v Ayala, 72 AD3d 1577, 1578 [2010], lv denied 15 NY3d 816 [2010]; People v Wright, 53 AD3d 963, 963 [2008], lv denied 11 NY3d 710 [2008]). Turning to the merits, we reject defendant’s assertion that he was improperly assessed points for his alcohol abuse because his drinking habits are unrelated to his offense. An offender who has a substance abuse history or was abusing drugs and/or alcohol at the time of the offense may be assessed points (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]; People v Rhodehouse, 77 AD3d 1032, 1033 [2010], lv denied 16 NY3d 701 [2011]; People v Brownell, 66 AD3d 1060, 1061 [2009]). Defendant admitted to being an alcoholic, that he had in the past been fired from employment for showing up intoxicated, that his alcohol abuse was a contributing factor in three of his prior arrests and that, although he completed an alcohol and substance abuse treatment program in 2004, he “has always resumed drinking.” We find that this evidence is sufficient to establish defendant’s substance abuse history, thus justifying the assessment of 15 points under this category (see People v Rhodehouse, 77 AD3d at 1033; compare People v Titmas, 46 AD3d 1308, 1309 [2007]).
Nor are we persuaded that County Court erred in its imposition of 20 points for two victims. While defendant pleaded guilty *1180 to a single count of attempted sodomy in the first degree, “County Court was not limited to the crime to which defendant pleaded guilty but could, instead, consider reliable hearsay evidence in the record” (People v Thomas, 59 AD3d 783, 784 [2009]), including evidence that defendant engaged in criminal conduct against one child in the presence of a second child (see People v Milton, 55 AD3d 1073, 1073 [2008]; People v Ramirez, 53 AD3d 990, 990 [2008], lv denied 11 NY3d 710 [2008]). The evidence revealed that defendant engaged in oral and anal sexual conduct with this young male relative in the presence of the child’s female cousin and that, on at least one occasion, defendant encouraged this cousin to “stroke” the boy’s penis. Although defendant now denies encouraging the cousin to take part in his criminal sexual conduct, at the time of his conviction he acknowledged having offered her money and cigarettes to “keep [her] quiet.” Under these circumstances, we find that the People proved by clear and convincing evidence that defendant victimized two children (see People v Milton, 55 AD3d at 1073).
Lastly, we reject defendant’s argument that County Court’s error in misstating his crime of conviction in its order warrants reversal of his sex offender classification. The fact that defendant has been convicted of any specific crime, although relevant to whether his registration is required under the Sex Offender Registration Act and whether he must register as a sexually violent offender (see Correction Law § 168-a [2], [3]), does not and did not form the sole basis of defendant’s risk level classification. Instead, it is the conduct underlying defendant’s charged crimes and ultimate conviction that is — and was — properly considered (see e.g. People v Carpenter, 63 AD3d 1320, 1322 [2009], lv denied 13 NY3d 704 [2009]). County Court relied on the risk assessment instrument, the case summary and the presentence investigation report, all of which correctly identify defendant’s crime of conviction and contain evidence supporting his classification as a risk level three sex offender. As the court’s error did not form the basis of defendant’s risk level classification, which is otherwise supported by clear and convincing evidence, we find such error to be harmless (see e.g. People v Joe, 74 AD 3d 404, 404 [2010], lv denied 15 NY3d 707 [2010]).
Defendant’s remaining contentions, to the extent that they are properly before us, have been considered and found to be without merit.
Lahtinen, Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.