McCarthy, J.
Appeal from an order of the County Court of Broome County (Smith, J.), entered January 26, 2011, which classified defendant as a risk level III sex offender, a sexually violent offender and a predicate sex offender pursuant to the Sex Offender Registration Act.
In 1991, defendant pleaded guilty to one count of sodomy in the first degree in satisfaction of an indictment charging him with numerous sex crimes. The charges stemmed from defendant and a codefendant having repeated sexual contact with eight young boys over a period of several months. Defendant was thereafter sentenced, pursuant to the plea agreement, to prison terms of 8 to 24 years for the sodomy conviction and 1 to 6 years on an unrelated conviction of promoting prison contraband, with the sentences to run consecutively.
In 2010, in anticipation of defendant’s release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument with a score of 190 points, which presumptively classified defendant as a risk level III sex offender. The Board also recommended that defendant be classified as a sexually violent offender and a predicate sex offender. Prior to a hearing on his classification, defendant moved to dismiss the proceedings on the ground that County Court lacked jurisdiction to adjudicate him as a sex offender, claiming that his 1991 *1203 conviction was invalid. County Court denied the motion. Following a risk assessment hearing, the court reduced defendant’s total risk factor score to 175 points, still within the presumptive risk level III classification. The court also classified defendant as a sexually violent offender and a predicate sex offender and denied his request for a downward departure. Defendant appeals.
Initially, defendant’s claims challenging the propriety of his 1991 judgment of conviction are not properly before us and will not be addressed (see People v Clavette, 96 AD3d 1178, 1179 [2012], lv denied 20 NY3d 851 [2012]; People v Wright, 53 AD3d 963, 963 [2008], lv denied 11 NY3d 710 [2008]; see also People v Ayala, 72 AD3d 1577, 1578 [2010], lv denied 15 NY3d 816 [2010]).[1] Defendant also challenges County Court’s designation of him as a risk level III sex offender and a predicate sex offender.[2] We note that County Court failed to issue a written order setting forth its findings of fact and conclusions of law upon which its determinations are based, as required by Correction Law § 168-n (3) (see People v Kennedy, 79 AD3d 1470, 1470 [2010]; People v Burke, 68 AD3d 1175, 1177 [2009]). The court’s execution of the standardized form designating defendant’s risk level classification did not satisfy this requirement (see People v Kennedy, 79 AD3d at 1470; People v Marr, 20 AD3d 692, 693 [2005]). Remittal is not required, however, inasmuch as County Court’s oral findings regarding presumptively classifying defendant as a risk level III sex offender with a score of 175 points are clear, supported by the record and sufficiently detailed to permit intelligent review (see People v Roberts, 54 AD3d 1106, 1106-1107 [2008], lv denied 11 NY3d 713 [2008]; People v Joslyn, 27 AD3d 1033, 1035 [2006]).
Turning to the merits, we reject defendant’s contention that he was improperly assessed 30 points for having three or more victims and 20 points for duration of the offense. Although defendant pleaded guilty to a single count of sodomy in the first degree, “County Court was not limited to the crime to which defendant pleaded guilty but could, instead, consider reliable hearsay evidence in the record” (People v Thomas, 59 AD3d 783, 784 [2009]; accord People v Clavette, 96 AD3d at 1180). Documents that have been found to constitute such reliable *1204 hearsay include sworn statements to the police, the case summary, risk assessment instrument and presentence investigation report (hereinafter PSI) (see People v McFall, 93 AD3d 962, 963 [2012]; People v Parker, 62 AD3d 1195, 1196 [2009], lv denied 13 NY3d 704 [2009]). Inasmuch as the case summary reveals that defendant victimized eight boys and engaged in a continuing course of sexual contact—including oral and anal sexual conduct—with at least two of those victims on several occasions over a four-month period, clear and convincing evidence supports County Court’s assessment of points for these risk factors (see People v Madera, 100 AD3d 1111, 1112 [2012]; People v Rogowski, 96 AD3d 1113, 1114 [2012]).[3]
Defendant’s challenge to the assessment of 10 points for the recency of his prior offense is also without merit. To be assessed points for the recency of a prior offense, defendant must have “a prior felony or sex crime within three years of the instant offense” (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 14 [2006]). The three-year time period “should be measured without regard to the time during which the offender was incarcerated or civilly committed” (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 14 [2006]). Here, the case summary reveals that defendant was convicted of a felony in Tennessee in 1988, was incarcerated until February 1990,[4] and committed the instant offenses beginning in November 1990. Therefore, clear and convincing evidence supports the assessment of points for the recency of defendant’s prior offense.
Inasmuch as defendant failed to establish by clear and convincing evidence that there were mitigating factors not accounted for by the risk assessment guidelines that would warrant a downward departure from his presumptive risk level, County Court properly denied his request for such a departure (see People v Kotzen, 100 AD3d 1162,1162-1163 [2012], lv denied 20 NY3d 860 [2013]; People v Barnett, 71 AD3d 1296, 1297 *1205 [2010]; People v McCormick, 21 AD3d 1221, 1222 [2005]).[5] We agree with defendant and the People, however, that County Court’s designation of defendant as a predicate sex offender should be vacated as the designation is not supported by the record or the court’s oral findings.
Mercure, J.P, Lahtinen and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by vacating so much thereof as classified defendant as a predicate sex offender, and, as so modified, affirmed.

. Defendant did not appeal his 1991 conviction. In 2005, County Court denied defendant’s CPL 440.10 motion to vacate his judgment of conviction, and this Court denied leave to appeal. That motion was based on the same grounds that he now raises in his claim that the court lacked jurisdiction.

. Defendant does not challenge his designation as a sexually violent offender, which was required due to his conviction under Penal Law § 130.50 (see Correction Law § 168-a [3] [a] [i]; [7] [b]).

. The PSI provided much more detail regarding defendant’s offenses, including the course of conduct and multiple victims. The PSI is included in the record but, due to County Court’s failure to issue a written order, it is unclear whether the court considered that report in reaching its determination. Although information in the PSI supports the court’s conclusion, the record is sufficient even without considering the PSI.

. The PSI indicates that defendant informed the reporter that he was released in January 1990. Regardless of whether he was released in January or February, the recency points were appropriately assessed.

. Although defendant now argues that County Court applied the wrong standard in considering his downward departure—namely, that the standard for a downward departure should be preponderance of the evidence rather than clear and convincing evidence (see People v Wyatt, 89 AD3d 112, 127-128 [2011], lv denied 18 NY3d 803 [2012]; but see People v Moss, 105 AD3d 1099 [2013]; People v Kotzen, 100 AD3d at 1162-1163)—this argument is unpreserved for our review considering that defendant acknowledged during the hearing that clear and convincing evidence was the proper standard.