Garry, J.
Appeal from an order of the County Court of Saratoga County (Scarano, J.), entered March 14, 2012, which classified defendant as a risk level II sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act.
After defendant’s conviction following a jury trial was overturned by this Court and the indictment sent back for retrial (People v Roberts, 66 AD3d 1135 [2009]), defendant pleaded guilty to the crimes of sodomy in the first degree (two counts) and sexual abuse in the first degree (three counts). In accord with the negotiated plea bargain, County Court sentenced defendant to an aggregate prison term of 5 Vs years followed by five years of postrelease supervision. Prior to defendant’s release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) recommending that defendant be classified as a risk level II sex offender and a *948 sexually violent offender. Following a hearing, County Court adopted the Board’s recommendation. Defendant appeals, and we affirm.
Defendant contends that he should not have been assessed points under the history of alcohol abuse category of the risk assessment instrument and that County Court improperly considered testimony from the prior jury trial in making its determination. “An offender who has a substance abuse history or was abusing drugs and/or alcohol at the time of the offense may be assessed points” in this category (People v Clavette, 96 AD3d 1178, 1179 [2012], lv denied 20 NY3d 851 [2012] [additional emphasis added and citations omitted]; see People v Lerch, 66 AD3d 1088, 1089 [2009], lv denied 13 NY3d 715 [2010]). The victim’s statement to police as well as the presentence investigation report reflect that defendant and the victim had been drinking at the time of the offenses to the point where they were unable to drive and had “passed out” due to intoxication. We find that this evidence provides sufficient proof that defendant was abusing alcohol at the time of the offenses and was, therefore, properly assessed the 15 additional points and determined to be a risk level II sex offender (see People v Clavette, 96 AD3d at 1179; People v Lerch, 66 AD3d at 1089). In light of this determination, we do not reach defendant’s remaining contention.
Peters, P.J., Rose and Stein, JJ., concur. Ordered that the order is affirmed, without costs.