■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE A. WATSON, Appellant. [982 NYS2d 413]—

Stein, J. Appeal from an order of the County Court of Broome County (Cawley, J.), entered October 11, 2012, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In satisfaction of a three-count indictment, defendant pleaded guilty in 2009 to one count of rape in the second degree and, in accordance with the plea agreement, was sentenced as a second felony offender to a prison term of four years followed by seven years of postrelease supervision. In anticipation of defendant's release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument with a score of 100 points, presumptively classifying defendant as a risk level two sex offender. Following a risk assessment hearing, County Court increased defendant's risk factor score to 110 points, classified him as a risk level three sex offender and denied his request for a downward departure.

On this appeal, defendant challenges the assessment of 30 points for risk factor 1 (use of violence—armed with a dangerous instrument), arguing that his use of a belt buckle to strike the victim and a box cutter to threaten to slit her throat were too far removed in time from the actual rape to warrant the as-

sessment of 30 points for being armed with a dangerous weapon. We do not agree. The People proved by clear and convincing evidence that defendant used the belt buckle to injure the victim, and the box cutter to threaten her, in the course of the incident which culminated in the rape (*see People v Kost*, 82 AD3d 729, 729 [2011]). Furthermore, defendant has not established by clear and convincing evidence the existence of mitigating factors not accounted for by the risk assessment guidelines that would warrant a downward departure to risk level two (*see People v Lashway*, 112 AD3d 1235, 1236 [2013]; *People v Carter*, 106 AD3d 1202, 1204 [2013]; *People v Kotzen*, 100 AD3d 1162, 1163 [2012], *lv denied* 20 NY3d 860 [2013]).

Lahtinen, J.P., McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.