THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PAVLISAK SR., Appellant. [982 NYS2d 792]—

Rose, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered July 16, 2012, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty to two counts of attempted sexual abuse in the first degree in full satisfaction of a five-count indictment that charged him with three counts of sexual abuse in the first degree and two counts of endangering the welfare of a child. Defendant was sentenced to $1^{1}/_{2}$ years in prison, followed by three years of postrelease supervision. In anticipation of his release from prison, the Board of Examiners of Sex Offenders completed a risk assessment instrument that presumptively classified defendant as a risk level three sex offender (135 points) in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). Following a hearing, County Court classified defendant as a risk level three sex offender and denied defendant's request for a downward departure. Defendant appeals.

Although County Court failed to issue a written order setting forth its findings of fact and conclusions of law as required by Correction Law § 168-n (3), remittal is unnecessary because the

court's oral findings are clear, supported by the record and sufficiently detailed to permit intelligent review (*see People v Carter*, 106 AD3d 1202, 1203 [2013]; *People v Roberts*, 54 AD3d 1106, 1106-1107 [2008], *lv denied* 11 NY3d 713 [2008]). Contrary to defendant's contention, clear and convincing evidence supports County Court's assessment of 15 points under risk factor 11 for history of drug or alcohol abuse (*see People v Brownell*, 66 AD3d 1060, 1061 [2009]). Although defendant claims to have successfully undergone treatment after his alcohol-related convictions, marihuana was found in his residence when he was arrested and his live-in girlfriend gave a statement about his continued use of marihuana and alcohol. We also find support for the 10 points assessed under risk factor 12 for failing to take responsibility for his conduct, given his statements in the presentence investigation report minimizing his conduct (*see People v Luebbert*, 73 AD3d 1399, 1400 [2010]). Further, defendant did not establish that there were any mitigating factors not accounted for by the risk assessment guidelines warranting a downward departure (*see People v Wells*, 101 AD3d 1407, 1409 [2012]; *People v Good*, 88 AD3d 1037, 1038 [2011], *lv denied* 18 NY3d 802 [2011]). Accordingly, County Court's classification of defendant as a risk level III sex offender will not be disturbed.

Peters, P.J., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.