■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BUNIEK, Appellant. [993 NYS2d 180]—

Appeal by the defendant from an order of the County Court, Westchester County (Cacace, J.), entered November 1, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In establishing a defendant's risk level pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (*see* Correction Law § 168-n [3]; *see also* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; *People v Finizio*, 100 AD3d 977 [2012]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (*People v Crandall*, 90 AD3d 628, 629 [2011]; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; *see also* *People v Mingo*, 12 NY3d 563 [2009]). Here, the County Court's assessment of 130 total points was supported by clear and convincing evidence in the record, rendering the defendant a presumptive level three sex offender.

Contrary to the defendant's contention, he was not designated a "sexually violent offender" (Correction Law § 168-a [3]).

The defendant's claim that his underlying plea of guilty was not knowingly and voluntarily entered is not properly before this Court (*see People v Roache*, 110 AD3d 776 [2013]). Likewise, the defendant's contention that he was deprived of the effective assistance of counsel on his direct appeal from the underlying judgment of conviction is not properly before this Court.

The defendant's remaining contentions are without merit.

Accordingly, the County Court properly designated the defendant a level three sex offender pursuant to Correction Law article 6-C. Balkin, J.P., Leventhal, Maltese and Barros, JJ., concur.