*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 2, 2014                 514907
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                     MEMORANDUM AND ORDER

DAVID L. LABRAKE,
                        Appellant.
_____

Calendar Date:  September 12, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Clark, JJ.

                    _____

        Albert F. Lawrence, Greenfield Center, for appellant.

        Alexander Lesyk, Special Prosecutor, Norwood, for
respondent.

                    _____

Stein, J.

        Appeal from an order of the County Court of St. Lawrence
County (Richards, J.), entered April 2, 2012, which classified
defendant as a risk level II sex offender pursuant to the Sex
Offender Registration Act.

        Defendant was convicted in 2010 of possession of a sexual
performance by a child, and was sentenced to a prison term of 1
to 3 years.  As his release from prison neared, the Board of
Examiners of Sex Offenders prepared a risk assessment instrument
in accordance with the Sex Offender Registration Act
(see Correction Law art 6-C) that presumptively classified
defendant as a risk level I sex offender.  County Court conducted
a hearing, after which it assigned 30 additional points under
risk factor 3 (number of victims).  While defendant's overall

score remained in the risk level I category, County Court found an upward departure to be warranted and classified him as a risk level II sex offender.  Defendant now appeals, and we affirm.

Defendant initially points out that County Court did not issue the required written order setting forth its findings of fact and conclusions of law.  Remittal is not required, however, as County Court made "oral findings and conclusions that 'are clear, supported by the record and sufficiently detailed to permit intelligent review'" (People v Hemmes, 110 AD3d 1387, 1388 [2013], quoting People v Carter, 106 AD3d 1202, 1203 [2013]; see Correction Law § 168-n [3]).

Turning to the merits, defendant contends that the record does not contain clear and convincing evidence to support "the existence of an aggravating factor that was not adequately taken into account in the" risk assessment instrument such as to warrant an upward departure in the risk level (People v Gauthier, 100 AD3d 1223, 1225 [2012]; see People v Gillotti, 23 NY3d 841, ___, 2014 NY Slip Op 04117, *11-12 [2014]).  The People here submitted reliable hearsay – in the form of the case summary, a statement to police made by defendant's girlfriend and admissions made by defendant in a federal plea agreement – establishing that defendant was a longstanding consumer of child pornography who had possessed thousands of images and videos at one point (see People v Carter, 106 AD3d at 1203-1204; People v Christie, 94 AD3d 1263, 1263 [2012], lv denied 19 NY3d 808 [2012]).  The evidence further revealed that some of that material was extremely graphic and depicted heinous acts against young children.  Defendant admitted that he had an addiction to pornography and that he had been viewing it for nearly two decades.  Inasmuch as this proof showed that the presumptive risk level did not adequately reflect the duration and degree of defendant's child pornography habit, County Court providently exercised its discretion in granting an upward departure (see People v Gillotti, 2014 NY Slip Op 04117 at *5-6, 9; People v Rotunno, 117 AD3d 1019 [2014], lv denied ___ NY3d ___ [Sept. 4, 2014]; People v Muirhead, 110 AD3d 1386, 1387 [2013], lv denied 23 NY3d 906 [2014]).

Peter, P.J., Garry, Egan Jr. and Clark, JJ., concur.

-3-                     514907

ORDERED that the order is affirmed, without costs.



ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court