# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

263
KA 14-02105
PRESENT: WHALEN, P.J., CENTRA, CARNI, DEJOSEPH, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JONATHAN JAMISON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered October 21, 2014. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). We reject defendant's contention that Supreme Court erred in assessing 30 points against him based on a 1986 conviction. Defendant's challenge to that conviction is not properly before us on this appeal from the SORA determination (*see generally People v Buniek*, 121 AD3d 659, 659, *lv denied* 24 NY3d 914; *People v Clavette*, 96 AD3d 1178, 1179, *lv denied* 20 NY3d 851; *People v Ayala*, 72 AD3d 1577, 1578, *lv denied* 15 NY3d 816). Defendant moved pursuant to CPL 440.10 (1) (h) to vacate that conviction before the SORA determination, but the court denied the motion, and defendant did not seek permission from this Court to appeal from that order (*see* CPL 450.15 [1]; 460.15 [1]). We reject defendant's further contention that the court erred in assessing 10 points against him for failure to accept responsibility. Although defendant pleaded guilty to assault and rape, he made statements denying the rape to a probation officer preparing the presentence report, and he again denied the rape in a letter to the court approximately one month before his release. Defendant made subsequent statements to a therapist that he "takes responsibility for the physical aspects of his offense," but "[t]he court properly concluded that defendant's statement[s] did not reflect a genuine acceptance of responsibility as required by the risk assessment guidelines developed by the Board [of Examiners of Sex Offenders]" (*People v Kyle*, 64 AD3d 1177, 1178, *lv*

*denied* 13 NY3d 709 [internal quotation marks omitted]).

Entered:  March 25, 2016                                    Frances E. Cafarell
                                                           Clerk of the Court