People v James (2018 NY Slip Op 06774)





People v James


2018 NY Slip Op 06774


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2014-11342

[*1]People of State of New York, respondent,
v
Raphael James, appellant.


The Legal Aid Society, New York, NY (Susan Epstein of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated November 24, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 85 points on the risk assessment instrument, within the range for a presumptive designation as a level two sex offender. The court denied the defendant's request for a downward departure from the presumptive risk level. On appeal, the defendant challenges the assessment of 20 points under risk factor 3 (number of victims) and the denial of his request for a downward departure.
The defendant contends that the Supreme Court's assessment of 20 points for there being two victims was in error because his actions against the second victim were not SORA level offenses (see Correction Law § 168-a[2], [3]) and there was no physical sexual contact between the defendant and the second victim. These arguments are unpreserved for appellate review because the defendant did not object to the assessment of these points on these grounds at the SORA hearing (see People v Gillotti, 23 NY3d 841, 854; People v DeDona, 102 AD3d 58, 63). In any event, the arguments are without merit. "[C]onduct does not have to amount to a SORA level offense in order to be considered" for the purposes of risk factor 3 (People v Izzo, 26 NY3d 999, 1002). Nor does this factor require "actual, physical sexual contact between the offender and victim" (People v DeDona, 102 AD3d at 63). The clear and convincing evidence at the SORA hearing (see Correction Law § 168-n[3]) established that the defendant, acting in concert with others, forced the second victim at gunpoint to engage in sexual conduct with the first victim, whom the defendant and his accomplices had raped repeatedly. Accordingly, the court properly assessed 20 points under risk factor 3 for there being two victims (cf. People v Green, 137 AD3d 498; People v DeDona, 102 AD3d at 62-67; People v Clavette, 96 AD3d 1178, 1180).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of [*2]a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d at 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720). Here, the alleged mitigating circumstances identified by the defendant either were adequately taken into account by the SORA Guidelines, or, under the totality of the circumstances, did not warrant a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v McKinney, 158 AD3d 828, 829). Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's application for a downward departure from the presumptive risk assessment level.
LEVENTHAL, J.P., BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court