People v Griffith (2018 NY Slip Op 07579)





People v Griffith


2018 NY Slip Op 07579


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


1074 KA 17-01664

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HOWARD GRIFFITH, DEFENDANT-APPELLANT. 






WILLIAM CLAUSS, ROCHESTER, FOR DEFENDANT-APPELLANT.
HOWARD GRIFFITH, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Onondaga County Court (Thomas J. Miller, J.), entered July 21, 2017. The order denied defendant's petition seeking a downward modification of his previously-imposed classification as a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated, and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order that denied his petition pursuant to Correction Law § 168-o (2) seeking a downward modification of his previously-imposed classification as a level three risk under the Sex Offender Registration Act ([SORA] § 168 et seq.). As a preliminary matter, we note that defendant's pro se notice of appeal states that he is appealing pursuant to CPL 450.10 (1) "as it applies" to Correction Law § 168-n. CPL 450.10 (1), however, does not grant defendant the right to appeal from an order denying his petition for a downward modification of his risk level; instead, that right is conferred by CPLR 5701 (see generally People v Charles, 162 AD3d 125, 126, 137-140 [2d Dept 2018], lv denied 32 NY3d 904 [2018]). Nevertheless, we deem the appeal to have been taken pursuant to the proper statute, and we therefore reach the merits of the issues raised on appeal (see CPLR 2001).
We agree with defendant that he was denied effective assistance of counsel, and we therefore reverse the order, reinstate the petition, and remit the matter to County Court for a new hearing on the petition. Defendant contended in the petition, among other things, that he was entitled to a downward modification of his risk level classification. His assigned counsel, however, wrote a letter to the court indicating that the petition lacked merit, counsel would not support the petition, and he had advised defendant to withdraw the petition so that defendant would not needlessly delay his right to file a new modification petition in two years. We conclude that defense counsel "essentially[] became a witness against [defendant] and took a position adverse to him," which denied defendant effective assistance of counsel (People v Caccavale, 305 AD2d 695, 695 [2d Dept 2003]; see People v Freire, 157 AD3d 963, 964 [2d Dept 2018]; People v Brown, 152 AD3d 1209, 1212 [4th Dept 2017], lv denied 30 NY3d 978 [2017]). In addition, a defendant may commence a Correction Law
§ 168-o (2) proceeding no more than once annually (see People v Lashway, 25 NY3d 478, 483 [2015]), thus defense counsel's advice was incorrect as well as adverse to defendant's position.
Contrary to defendant's contentions in his pro se supplemental brief, the court did not err in refusing to allow him to challenge his plea or other aspects of his underlying conviction. It is well settled that a SORA proceeding may not be used to challenge the underlying conviction (see generally People v Buniek, 121 AD3d 659, 659 [2d Dept 2014], lv denied 24 NY3d 914 [2015]; People v Clavette, 96 AD3d 1178, 1179 [3d Dept 2012], lv denied 20 NY3d 851 [2012]; People [*2]v Ayala, 72 AD3d 1577, 1578 [4th Dept 2010], lv denied 15 NY3d 816 [2010]).
In light of our determination, we do not address the remaining contentions in defendant's main brief.
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court