People v Johnson (2021 NY Slip Op 01560)





People v Johnson


2021 NY Slip Op 01560


Decided on March 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

Before: Acosta, P.J., Gische, Webber, González, JJ. 


Ind No. 4695/03 Appeal No. 13381-13381A Case No. 2016-1355 

[*1]The People of the State of New York, Respondent,
v
Jamal Johnson, Defendant-Appellant. 


Janet E. Sabel, The Legal Aid Society, New York (Simon Greenberg of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Robert C. McIver of counsel), for respondent.



Orders, Supreme Court, Bronx County (Steven L. Barrett, J.), entered on or about October 22, 2015, which, upon denying defendant's motion to dismiss the proceeding, adjudicated him a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant has not established any lawful ground for exempting him from registration as a sex offender, or the alternative relief he seeks regarding the community notification aspect of registration. When defendant pleaded guilty to first-degree rape in 2004, based on a crime committed in 1995, he was misinformed by the court that he would not have to register. He now contends that this unfulfillable promise rendered his plea involuntary, and he essentially seeks specific performance by way of relieving him of all or part of the requirement of registration. However, defendant cannot challenge the validity of his guilty plea on an appeal from a sex offender adjudication (see People v Wright, 53 AD3d 963, 963 [3d Dept 2008], lv denied 11 NY3d 710 [2008]). In any event, defendant has not shown any entitlement to the remedy he seeks. We have considered and rejected defendant's remaining arguments on this issue.
The record establishes that defendant waived his right to be present at the hearing. To the extent defendant is challenging the court's denial of his request for an adjournment, we find that argument unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2021