People v Correa (2022 NY Slip Op 00632)





People v Correa


2022 NY Slip Op 00632


Decided on February 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 01, 2022

Before: Kern, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 


Ind. No. 496/08 Appeal No. 15182 Case No. 2020-02827 

[*1]The People of the State of New York, Respondent,
v
Felix Correa, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Molly Schindler of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Catherine Read of counsel), for respondent.



Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about May 1, 2020, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court (which described its determination as granting an "upward departure") correctly assessed 55 points beyond those contained in the risk assessment instrument. Each of the court's additional assessments, under three risk factors, was supported by clear and convincing evidence.
The court correctly assessed 20 points each under the respective risk factors for multiple victims and for an underage victim. These points were based on defendant's act of forcing his sexual assault victim's 12-year-old son to enter a bedroom and witness the assault on his mother. Those risk factors did not require actual, physical sexual contact between the offender and the victim's son (see People v Izzo, 26 NY3d 999, 1002 [2015]; People v DeDona, 102 AD3d 58, 63-65 [2d Dept 2012]). Defendant's actions toward the son were sufficient to render the boy a victim of defendant's sexual conduct (see People v Jones, 196 AD3d 1179, 1180 [4th Dept 2021], lv denied 37 NY3d, 916 [2021]; People v Darrah, 153 AD3d 1528 [3d Dept 2017]; People v Clavette, 96 AD3d 1178, 1180 [3d Dept 2012], lv denied 20 NY3d 851 [2012]).
The court also correctly assessed defendant 15 points under the risk factor for substance and alcohol abuse (see generally People v Palmer, 20 NY3d 373, 378-79 [2013]). Despite defendant's positive record in a prison treatment program and low scores on screening instrument, the People presented clear and convincing evidence that defendant had a significant history of marijuana, cocaine, and alcohol abuse, based on his own admissions to correction personnel (see People v Guasp, 95 AD3d 608 [1st Dept 2012], lv denied 19 NY3d 812 [2012]; People v Schlau, 60 AD3d 529 [1st Dept 2009], lv denied 12 NY3d 712 [2009]). Moreover, even while incarcerated, defendant accrued disciplinary violations for possessing unauthorized prescription pain medication and for marijuana intoxication, which suggests a continuing inability to abstain from drugs.
When added to 100 uncontested points, any of the three point assessments at issue renders defendant a presumptive level three offender, and we find no basis for a departure (see generally People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors cited by defendant were adequately taken into account by the guidelines, or were plainly outweighed by the extreme seriousness of the underlying sex crime.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2022