■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN J. WILLETTE, Appellant. [889 NYS2d 299]—

Peters, J.P. Appeal from an order of the County Court of

Franklin County (Main Jr., J.), entered February 25, 2008, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In 1984, defendant was convicted of two counts of sexual abuse in the first degree arising out of sexual contact with his girlfriend's daughter, who was four years old at the time. Following a redetermination hearing conducted pursuant to *Doe v Pataki* (3 F Supp 2d 456 [1998]), County Court reclassified defendant as a risk level three sex offender under the terms of the Sex Offender Registration Act (*see* Correction Law art 6-C). Defendant appeals and we affirm.

In deciding whether the People established defendant's appropriate risk level classification by clear and convincing evidence, County Court may consider reliable hearsay evidence (*see People v Legall*, 63 AD3d 1305, 1306 [2009], *lv denied* 13 NY3d 706 [2009]; *People v Parker*, 62 AD3d 1195, 1196 [2009], *lv denied* 13 NY3d 704 [2009]). Defendant claims that the victim's unsworn statement did not constitute such evidence, but County Court is directed to review a victim's statement, be it sworn or unsworn (*see* Correction Law § 168-n [3]; *People v Mingo*, 12 NY3d 563, 576-577 [2009]). While a victim's unsworn statement may be disregarded if it "is equivocal, inconsistent with other evidence, or seems dubious in light of other information in the record," defendant was invited to direct County Court's attention to such problems at the redetermination hearing and failed to do so (*People v Mingo*, 12 NY3d at 577; *see People v Stewart*, 61 AD3d 1059, 1060 [2009]). Moreover, the victim's statement was corroborated to some degree by her grand jury testimony and the testimony of her mother at various proceedings, and we cannot say that County Court erred in considering it.

Nor was the statement of the victim's brother erroneously considered. Her brother also claimed to have been victimized by defendant, but defendant was acquitted of the only count involving such. Assuming without deciding that such acquittal disqualifies the statement as one made by a victim for purposes of the statute (*cf. People v Wroten*, 286 AD2d 189, 199-200 [2001], *lv denied* 97 NY2d 610 [2002]), defendant's conviction is over 20 years old, the statement at issue was sworn, made in the course of a police investigation into defendant's alleged abuse and described defendant's abuse of the victim as well as of her brother, and the trial testimony of her brother did not significantly contradict the events related in it. Considering these factors, County Court properly concluded that the statement of the victim's brother constituted reliable hearsay (*see People v Mingo*, 12 NY3d at 574).

Defendant lastly contends that he was improperly assessed risk factor points for the extent of his sexual contact with the victim and the duration of the offensive conduct. With regard to the former, the statements of the victim and her brother and admissions made by defendant to the victim's mother provide clear and convincing evidence that defendant had engaged in sexual intercourse and oral sexual conduct with the victim, thereby warranting an assessment of 25 points (*see* Penal Law § 130.00 [1], [2] [a]; *People v Lesch*, 38 AD3d 1129, 1130 [2007], *lv denied* 8 NY3d 816 [2007]). That evidence, coupled with defendant's convictions for acts of sexual abuse that occurred in June and July 1983, also supports the assessment of 20 points on the latter factor (*see People v Wright*, 53 AD3d 963, 964 [2008], *lv denied* 11 NY3d 710 [2008]; *People v Richards*, 50 AD3d 1329, 1330 [2008], *lv denied* 10 NY3d 715 [2008]).

As defendant was properly assessed as a risk level three sex offender, we need not reach his argument that, if he had not been, an upward departure to risk level three would be unjustified.

Rose, Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.