■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYANT LOCKETT, Appellant. [889 NYS2d 301]—

Malone Jr., J. Appeal from an order of the County Court of Rensselaer County (McGrath, J.), entered September 24, 2008, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant was incarcerated for nine years in Massachusetts following his 1992 convictions of two counts of rape of a child with force (*see* Mass Gen Laws Ann, ch 265, § 22A) and two drug-related crimes. In 2007, upon his relocation to the City of Troy, Rensselaer County, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in which defendant was assigned 110 points, placing him in the presumptive risk level three category pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). Although the Board recommended that a downward departure to risk level two was warranted, County Court classified defendant as a risk level three

sexually violent offender following a risk assessment hearing. Defendant appeals.

We affirm. Contrary to defendant's assertion, County Court's assessment of 15 points for his substance abuse is supported by clear and convincing evidence. Indeed, defendant acknowledged that his drug of choice was marihuana, the record reveals he abused that drug as well as crack cocaine and, at the time of his risk assessment hearing, defendant was incarcerated on a felony drug charge in Warren County (*see People v Wright*, 53 AD3d 963, 964 [2008], *lv denied* 11 NY3d 710 [2008]). County Court also properly assessed 15 points based on defendant's failure to accept responsibility for his conduct. Despite a requirement that he register as a sex offender in Massachusetts, defendant did not do so upon his release from prison and a warrant had been issued there for his arrest. Moreover, defendant was deemed noncompliant with recommended sex offender treatment programming while incarcerated (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15-16 [2006]). Finally, as there are no mitigating factors that were not sufficiently accounted for by the risk assessment instrument, a downward departure from defendant's presumptive risk level is not warranted (*see People v Leeks*, 43 AD3d 1251, 1252 [2007]). Defendant's remaining arguments have been reviewed and are determined to be without merit.

Spain, J.P., Rose, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.