■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN WIZES, Appellant. [914 NYS2d 345]—

McCarthy, J. Appeal from an order of the County Court of Washington County (McKeighan, J.), entered January 8, 2010, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In satisfaction of an indictment handed up in Warren County arising from his molestation of young girls and possession of child pornography, defendant pleaded guilty to one count of sexual abuse in the first degree. He further pleaded guilty to a superior court information in Washington County charging him with sexual abuse in the first degree. As his release from prison on those convictions and a related probation violation petition neared, County Court classified defendant as a risk level three sexually violent offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C) following a hearing. Defendant appeals and we affirm.

Contrary to defendant's argument regarding the duration required to assess points for a continuing course of conduct, the Board of Examiners of Sex Offenders assesses points for the duration of the offending conduct "when [defendant] engages in either (i) two or more acts of sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual contact, which acts are separated in time by at least 24 hours, or (ii) three or more acts of sexual contact over a period of at least two weeks" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 10 [2006]; *see* Correction Law § 168-*l* [5]; *compare* Penal Law §§ 130.75, 130.80). In any event, clear and convinc-

ing evidence—including the presentence investigation reports, case summary and a victim's statement—supports the assessment of points on this factor, as defendant, a dentist, molested a young patient on at least four occasions over several months (*see People v Willette*, 67 AD3d 1259, 1260 [2009], *lv denied* 14 NY3d 704 [2010]; *People v Wright*, 53 AD3d 963, 964 [2008], *lv denied* 11 NY3d 710 [2008]).

Defendant's remaining claims require little discussion. At least one victim stated that defendant reached under her clothes and molested her, warranting an assessment of points for sexual contact under a victim's clothing. County Court was also not limited to consideration of the crimes of conviction, and reliable hearsay evidence indicated that defendant victimized three or more young girls (*see People v Thomas*, 59 AD3d 783, 784 [2009]). Accordingly, at least 130 risk assessment points properly accrued against defendant and, even assuming that he was erroneously assessed points for other risk factors, he was correctly classified as a risk level three sex offender.

Cardona, P.J., Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.