■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON K. HAMMER, Appellant. [918 NYS2d 751]—

Stein, J.

Defendant pleaded guilty to rape in the third degree, stem-

ming from him having had sexual intercourse with a 13-year-old girl. Prior to his release from prison, the Board of Examiners of Sex Offenders presumptively classified defendant as a risk level two sex offender (105 points, the highest number in risk level two) in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C), but recommended an upward departure to risk level three. Following a risk assessment hearing, Supreme Court agreed that an upward departure was warranted and classified defendant as a risk level three sex offender. Defendant now appeals.

"To justify an upward departure from a presumptive risk classification, an aggravating factor must exist which was not otherwise adequately taken into consideration by the risk assessment guidelines, and the court's finding of such a factor must be supported by clear and convincing evidence" (*People v Brown*, 45 AD3d 1123, 1124 [2007], *lv denied* 10 NY3d 703 [2008] [citations omitted]; *accord People v Beames*, 71 AD3d 1300, 1300 [2010]). In making such a determination, a court may consider reliable hearsay evidence, including information contained in the case summary and the presentence investigation report (*see* Correction Law § 168-n [3]; *People v Stewart*, 77 AD3d 1029, 1030 [2010]; *People v D'Adamo*, 67 AD3d 1132, 1133 [2009], *lv denied* 15 NY3d 714 [2010]). In this matter, there is evidence in the case summary and presentence investigation report that defendant was charged in 1996, when he was 13 years old, with sexual abuse in the first degree. The charge stemmed from allegations that he molested a three-year-old child. While this apparently did not result in a conviction, there is evidence that defendant participated in an adolescent sex offender program from 1996 to 1998. Inasmuch as these circumstances were not accounted for in the risk assessment instrument and constitute an aggravating factor, we conclude that there was an appropriate basis for an upward departure. Therefore, Supreme Court's classification of defendant as a risk level three sex offender will not be disturbed.

Mercure, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.