■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH E. BURCH Jr., Appellant. [936 NYS2d 351]—

Egan Jr., J.

Following a nonjury trial, defendant was convicted in April 2005 of burglary in the second degree, attempted sexual abuse in the first degree and unlawful imprisonment in the second degree after he forcibly entered a young woman's apartment while he was intoxicated and attempted to sexually assault her (*People v Burch*, 45 AD3d 1188 [2007]). County Court (Mathews, J.) thereafter sentenced defendant as a second felony offender to an aggregate prison term of five years followed by five years of postrelease supervision. Less than two weeks after sentencing, having successfully persuaded County Court (Smith, J.) to release him on bail pending appeal, defendant was arrested and charged with forcible touching after he allegedly accosted and fondled another young woman. Following a hearing, defendant's bail was revoked, and the new misdemeanor charged was dismissed—apparently as a matter of administrative convenience—in light of the underlying felony convictions and defendant's impending prison sentence thereon.

In July 2009, defendant was conditionally released to parole supervision and, in conjunction therewith, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level two sex offender. The Board, however, recommended an upward departure to risk level three. Following a hearing, County Court (Cawley, J.) adopted the Board's recommendation and classified defendant as a risk level three sex offender. This appeal by defendant ensued.

We affirm. Preliminarily, we note that although defendant initially challenged the assignment of points for risk factor 10 (recency of prior offense) as set forth on the risk assessment instrument, he has not briefed this issue on appeal and, therefore, we deem any argument in this regard to be abandoned (*see Matter of Smith v Devane*, 73 AD3d 179, 181 n 3 [2010], *lv denied* 15 NY3d 708 [2010]). Turning to the merits, "[a]n upward departure from a presumptive risk classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (*People v Stewart*, 77 AD3d 1029, 1030 [2010]; *see People v Wasley*, 73 AD3d 1400, 1400 [2010]). Such

evidence may consist of reliable hearsay, including information contained in the case summary, risk assessment instrument and presentence investigation report (*see People v Stewart*, 77 AD3d at 1030; *People v D'Adamo*, 67 AD3d 1132, 1134 [2009], *lv denied* 15 NY3d 714 [2010]), as well as "*any* victim's statement" (Correction Law § 168-n [3] [emphasis added]; *see People v Mingo*, 12 NY3d 563, 576-577 [2009]; *People v Good*, 88 AD3d 1037, 1037 [2011]).

Here, County Court concluded that an upward departure was warranted based upon, among other things, the forcible touching incident. Such conduct—committed 12 days after defendant was released on bail pending appeal—plainly was an indication that he "pose[d] an increased risk to public safety" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 14 [2006]; *see generally People v Clark*, 68 AD3d 485 [2009], *lv denied* 14 NY3d 705 [2010]). Contrary to defendant's assertion, the fact that the misdemeanor charge was ultimately dismissed in light of defendant's impending incarceration did not preclude County Court from analyzing the facts underlying that incident (*see People v Hammer*, 82 AD3d 1456, 1457 [2011]; *cf. People v Farrell*, 78 AD3d 1454, 1455 [2010]; *see generally People v Clark*, 68 AD3d at 485), inasmuch as the court was not limited to considering only the crime of conviction (*see People v Wizes*, 79 AD3d 1543, 1544 [2010]) and, more to the point, could properly review the description of the forcible touching incident as set forth in the case summary and that victim's statement to the police—even though her statement was not sworn (*see People v Mingo*, 12 NY3d at 576-577). Hence, this incident—standing alone—provides clear and convincing evidence to support the upward departure from the presumptive risk level classification. In light of this conclusion, we need not address the remaining aggravating factor identified by County Court.

Spain, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.