■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD D. McFALL, Appellant. [939 NYS2d 723]—

Lahtinen, J. Appeal from an order of the County Court of Saratoga County (Scarano, J.), entered October 8, 2009, which classified defendant as a risk level three sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act.

Defendant was arrested after he allegedly subjected two young victims to repeated sexual contact, and he eventually pleaded guilty to one count of sexual abuse in the first degree. Prior to his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument and recommended that defendant be classified as a risk level three sex offender (115 points) in accordance with the Sex Offender Registration Act. At the hearing, defense counsel stated that he did not think the People's proof was sufficient to show that defendant failed to participate in treatment (15 points) and, thus, urged that he should be a risk level two sex offender. County Court reserved decision on that category and gave the People two weeks to submit any additional evidence regarding defendant's refusal to undergo treatment and gave defendant one week to respond. The People submitted an inmate review packet from the Department of Corrections and Community Supervision indicating that defendant refused treatment. Thereafter, County Court

classified defendant as a risk level three sex offender and defendant now appeals.

We affirm. "The People bear the burden of establishing the appropriate risk level classification by clear and convincing evidence [and] [s]uch evidence may consist of reliable hearsay including, among other things, the presentence investigation report, risk assessment instrument and case summary" (*People v Parker*, 62 AD3d 1195, 1196 [2009], *lv denied* 13 NY3d 704 [2009] [internal quotation marks and citations omitted]; *see People v Pettigrew*, 14 NY3d 406, 408-409 [2010]; *People v Mingo*, 12 NY3d 563, 572-573 [2009]). Here, the case summary—which was reliable hearsay—set forth that defendant refused both sex offender and substance abuse programs while incarcerated. Although this constituted adequate proof on this issue, County Court was not required to credit this information (*see People v Mingo*, 12 NY3d at 573). In response to defendant's contention that the proof was insufficient on this point, County Court did not reject the proof, but instead reserved making a determination until provided further supporting documentation. Defendant asserts that the further documentation from the Department submitted by the People did not constitute adequate evidence. However, sufficient reliable hearsay had already been submitted in the case summary, and this additional documentation served as corroboration of the case summary's statement that defendant refused to participate in treatment. The evidence supports County Court's classification of defendant as a risk level three sex offender (*see People v Dickison*, 24 AD3d 980, 981 [2005], *lv denied* 6 NY3d 709 [2006]).

Defendant did not object when County Court adjourned the hearing to permit the submission of further proof and, accordingly, his current contention that this constituted error was not preserved for review (*see People v Williamson*, 73 AD3d 1398, 1398-1399 [2010]; *People v McLean*, 55 AD3d 973, 974 [2008]).

Peters, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.