Stein, J.
Appeal from an order of the County Court of Schenectady County (Drago, J.), entered January 18, 2012, which classified defendant as a risk level III sex offender, a sexually violent offender and a predicate sex offender pursuant to the Sex Offender Registration Act.
Defendant was convicted of two counts of rape in the first degree and one count of endangering the welfare of a child, stemming from the rape of his niece who, at the time, was under the age of 11. Prior to defendant’s scheduled release from prison, County Court conducted a risk level assessment hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), assigned him a total risk factor score of 125, resulting in a risk level III assessment, and designated him as a sexually violent offender and a predicate sex offender. Defendant now appeals and we affirm.*
Defendant contends that County Court improperly allocated 10 points for failure to accept responsibility and 20 points for *1114 finding his actions to have been part of a continuing course of sexual misconduct. With regard to the former, County Court noted that defendant had not yet completed a sex offender treatment program. While defendant was on the waiting fist for such a program, even its completion would not have precluded a finding of failure to accept responsibility (see People v Legall, 63 AD3d 1305, 1306 [2009], lv denied 13 NY3d 706 [2009]). Moreover, defendant’s insistence on his innocence and failure to accept responsibility were noted in the presentence investigation report, as well as in the risk assessment instrument and case summary, all of which were properly considered by the court (see Correction Law § 168-n [3]; People v Mingo, 12 NY3d 563, 572-573 [2009]; People v Burch, 90 AD3d 1429, 1431 [2011]; People v Hammer, 82 AD3d 1456, 1457 [2011]). Thus, in our view, the People met their burden of establishing this risk factor by clear and convincing evidence (see People v McFall, 93 AD3d 962, 963 [2012]; People v Gleason, 85 AD3d 1508 [2011], lv denied 17 NY3d 711 [2011]; People v Stewart, 61 AD3d 1059, 1060 [2009]).
We likewise find that clear and convincing evidence — including the presentence investigation report, case summary, victim’s statement and the grand jury testimony of the victim’s grandmother — supports County Court’s assessment of points for engaging in a continuing course of sexual misconduct. The statement of defendant’s niece, together with her grandmother’s testimony, clearly indicate that defendant engaged in sexual conduct with his niece on more than one occasion. In addition, the record indicates that defendant was previously convicted of sexual abuse in the second degree with respect to a different victim (see People v Wizes, 79 AD3d 1543, 1543-1544 [2010]; People v Willette, 67 AD3d 1259, 1260-1261 [2009], lv denied 14 NY3d 704 [2010]; People v Wright, 53 AD3d 963, 964 [2008], lv denied 11 NY3d 710 [2008]).
Rose, J.P., Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

 Although County Court executed the standardized form designating defendant’s risk level classification (see People v Kennedy, 79 AD3d 1470 [2010]), which is neither identified as an order nor contains “so ordered” language (see People v Joslyn, 27 AD3d 1033, 1035 [2006]), an actual order was not entered until January 2012. Therefore, defendant’s January 2011 notice of appeal is premature. Nevertheless, in the interest of judicial economy, we will excuse this defect, treat the notice of appeal as valid and address the merits (see CPLR 5520 [c]; Signature Health Ctr., LLC v State of New York, 92 AD3d 11, 13 n [2011]; Davis v Wyeth Pharms., Inc., 86 AD3d 907, 908 n 2 [2011]).