■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH J. RADAGE JR., Appellant. [951 NYS2d 584]—

Kavanagh, J. Appeal from an order of the County Court of Broome County (Cawley, J.), entered August 1, 2011, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Following a jury trial, defendant was convicted of rape in the second degree and criminal sexual act in the second degree, and was sentenced to consecutive prison terms of 2⅓ to 7 years. Shortly before the maximum expiration of his sentence and impending release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C) that presumptively classified defendant as a risk level three sex offender. Following a hearing, County Court adopted the Board's recommendation and classified defendant as a risk level three sex offender. Defendant appeals.

Initially, we are unpersuaded by defendant's contention that the case summary—which was based upon a review of defendant's presentence investigation, prior criminal history and postoffense behavior—was insufficient, standing alone, to constitute reliable hearsay (*see People v McFall*, 93 AD3d 962, 963 [2012]). Turning to the assessment of points, defendant contends that County Court erred in assessing 30 points under risk factor 3 for having three or more victims when defendant was only convicted of victimizing one child. The case summary reveals, however, that the investigation into the instant offense uncovered three additional female victims, all of whom gave detailed statements of the sexual contact (*see generally People v Ramirez*, 53 AD3d 990, 990-991 [2008], *lv denied* 11 NY3d 710 [2008]). To the extent that defendant asserts that the assessment of 20 points under risk factor 6 for a physically helpless victim resulted in double counting because he had already been assessed 20 points under risk factor 5 for the age of the victim, we note that "[p]oints may be properly assigned under both categories where a child victim is, as here, asleep at the beginning

of the sexual offense" (*People v Rhodehouse*, 88 AD3d 1030, 1032 [2011]; *see People v Ramirez*, 53 AD3d at 990-991). County Court also properly assessed 15 points based upon defendant's failure to accept responsibility, as evidenced by his refusal to participate in sex offender treatment (*see People v Lockett*, 67 AD3d 1266, 1267 [2009], *lv denied* 14 NY3d 708 [2010]). Finally, because defendant was released without any parole, probation or supervision, the assessment of 15 points under risk factor 14 was proper (*see People v Briggs*, 86 AD3d 903, 904 [2011]). Accordingly, clear and convincing evidence supports County Court's classification of defendant as a risk level three sex offender (*see People v McFall*, 93 AD3d at 963), and we find no mitigating factors unaccounted for to warrant a downward departure therefrom (*see People v Lockett*, 67 AD3d at 1267).

Mercure, J.P., Spain, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.