Peters, P.J.
Appeal from an order of the County Court of Madison County (DiStefano, J.), entered January 25, 2012, which classified defendant as a risk level two sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act.
In 2007, defendant was convicted of sexual abuse in the first degree and sentenced to a term of imprisonment. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument. Defendant was assigned 70 points, placing him in the presumptive risk level one category under the Sex Offender Registration Act (see Correction Law article 6-C). However, the Board recommended an upward departure to a risk level two classification based upon “the myriad of problematic behavior that [defendant] has displayed within the community.” Thereafter, defendant appeared before County Court with counsel and, following arguments by both defendant and the People on the issue of upward departure, defendant waived a hearing and requested that the court “make the decision.” County Court agreed with defendant that the conduct described by the Board did not warrant an upward departure since it had been adequately taken into account by the risk assessment instrument. However, citing to defendant’s multiple infractions while incarcerated, the court stated that it was assessing 10 additional points under the risk factor for unsatisfactory conduct while confined, thereby raising defendant’s score and making him a presumptive risk level two sex offender. The court’s decision was later reduced to an order, from which defendant appeals.
Defendant contends that County Court violated his due process rights when it sua sponte assessed points for unsatisfactory conduct while confined. However, he raised no objection at the hearing when the court indicated its intent to assign points under that risk factor and articulated its reasons for doing so, nor did he seek an adjournment or otherwise request additional time to respond. Consequently, he has failed to preserve this issue for our review (see People v Charache, 9 NY3d 829, 830 [2007]; People v Williamson, 73 AD3d 1398, 1398 [2010]; People v Palmer, 68 AD3d 1364, 1365 [2009]; People v McLean, 55 AD3d 973, 974 [2008]).
Turning to the merits, the assessment of 10 points for conduct while confined is supported by clear and convincing evidence. The case summary, which constitutes reliable hearsay (see Correction Law § 168-n [3]; People v McFall, 93 AD3d 962, 963 *1181 [2012]; People v Hammer, 82 AD3d 1456, 1457 [2011]), reveals that defendant incurred seven tier II violations as well as a tier III violation concerning drug use that resulted in 60 days of keeplock confinement. Although the Board considered defendant’s disciplinary record to be “acceptable,” County Court is not bound by the Board’s recommendation on this factor (see People v Legall, 63 AD3d 1305, 1306 [2009], lv denied 13 NY3d 706 [2009]; People v Arotin, 19 AD3d 845, 847 [2005]; Matter of VanDover v Czajka, 276 AD2d 945, 946 [2000]). Thus, we find no basis to disturb the court’s assignment of 10 points under this factor (see People v Mabee, 69 AD3d 820, 820-821 [2010], lv denied 15 NY3d 703 [2010]; People v Catchings, 56 AD3d 1181, 1182 [2008], lv denied 12 NY3d 701 [2009]; People v Chabrier, 38 AD3d 355, 356 [2007], lv denied 9 NY3d 801 [2007]; People v Vaughn, 26 AD3d 776, 777 [2006]; People v Peterson, 8 AD3d 1124, 1125 [2004], lv denied 3 NY3d 607 [2004]).
Lahtinen, Stein and Spain, JJ, concur.
Ordered that the order is affirmed, without costs.