Egan Jr., J.
Appeal from an order of the County Court of Schenectady County (Drago, J.), entered October 7, 2011, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
Defendant pleaded guilty to rape in the third degree and criminal contempt in the second degree. In anticipation of his release from prison, he was notified that he was to be assessed and assigned a sex offender risk level determination pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]). The Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) designating him as a presumptive risk level two sex offender with a recommendation against a departure, which the People adopted. Defendant appeared before County Court with counsel, who indicated that defendant had no argument to make with the regard to the recommendation and that he would stipulate to a risk level two classification. In response to questioning by County Court, defendant indicated that he had reviewed the evidence, had been afforded adequate time to consult with counsel and had no questions. Defendant then waived a SORA hearing and agreed to be designated as a risk level two sex offender as recommended by the Board. County Court classified defendant as a risk level two sex offender, and defendant now appeals.
Defendant contends that he was improperly assessed points in the RAI for two victims under risk factor 3, and for his age at the first act of sexual misconduct under risk factor 8. However, as noted previously, defendant raised no objections to the RAI, stipulated to the recommended risk level classification and waived a further SORA hearing. Consequently, he has failed to preserve any objection to his risk level classification for our review (see CPL 470.05 [2]; People v Bush, 105 AD3d 1179, 1180 [2013], lv denied 21 NY3d 860 [2013]; People v Williamson, 73 AD3d 1398, 1398-1399 [2010]). Defendant’s contention that there should have been a downward departure in the risk level classification also was not raised before County Court and, thus, it is unpreserved for our review.
Peters, P.J., Stein, Garry and Devine, JJ., concur.
Ordered that the order is affirmed, without costs.