## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: May 14, 2015                518348
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                MEMORANDUM AND ORDER

JAMIE S. SMITH,
                    Appellant.
_____

Calendar Date:  March 25, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Lynch, JJ.

_____

        Lisa A. Burgess, Indian Lake, for appellant.

        Glenn MacNeill, Acting District Attorney, Malone (Jennifer Hollis of counsel), for respondent.

_____

McCarthy, J.

        Appeal from an order of the County Court of Franklin County (Main Jr., J.), entered December 17, 2013, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

        Defendant was convicted upon his plea of guilty of the crimes of criminal sexual act in the third degree (three counts) and endangering the welfare of a child (People v Smith, 84 AD3d 1592 [2011]).  As his release from prison neared, the Board of Examiners of Sex Offenders completed a risk assessment instrument that presumptively classified defendant as a risk level III sex offender in accordance with the Sex Offender Registration Act (see Correction Law art 6-C).  Following a hearing, County Court agreed with the Board's recommendation.  Defendant now appeals.

We affirm. Defendant contends that the People did not provide clear and convincing evidence that there was a third victim for the purposes of the Sex Offender Registration Act so as to support the 30 points assessed pursuant to risk factor 3. The People may use reliable hearsay, including case summaries and victim statements, to establish the appropriateness of a point assessment (see People v Mingo, 12 NY3d 563, 571-574 [2009]; see generally Correction Law § 168-n [3]). Further, a court's review of the evidence regarding the number of victims is "not limited to the crime[s] of conviction" (People v Tubbs, 124 AD3d 1094, 1094 [2015]; see People v Snay, 122 AD3d 1012, 1013 [2014], lv denied 24 NY3d 916 [2015]). Here, defendant's testimony, combined with the case summary and victim statements, constituted clear and convincing evidence that defendant abused three victims. As to the contested third victim (hereinafter the third child), defendant testified that he had pleaded guilty to endangering the welfare of a child based on facts that included showing a pornographic film to, among others, the third child, who was under the age of 17. According to the third child, defendant, in front of the third child and other children, played a pornographic film and then began to rub his genitals. Another child present confirmed that defendant turned on the pornographic film, sat on the floor and began to rub his genitals. Further, the third child reported that, on an earlier occasion, he had awoken to find his pants being unbuttoned and unzipped by defendant. According to him, defendant thereafter began to play a pornographic film, invited the third child to masturbate and began to masturbate himself. Given this clear and convincing evidence that the third child was the victim of defendant's sexual misconduct, County Court properly assessed defendant with 30 points under risk factor 3 for three or more victims (see People v Clavette, 96 AD3d 1178, 1179-1180 [2012], lv denied 20 NY3d 851 [2012]; People v Ramirez, 53 AD3d 990, 990 [2008], lv denied 11 NY3d 710 [2008]; compare People v Izzo, 120 AD3d 860, 863-864 [2014, Garry, J., dissenting]). Defendant's contention that a downward departure is warranted is unpreserved and, in any event, without merit (see People v Rupnarain, 123 AD3d 1387, 1388 [2014]).

Lahtinen, J.P., Garry and Lynch, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court