People v McCalla (2018 NY Slip Op 00339)





People v McCalla


2018 NY Slip Op 00339


Decided on January 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 18, 2018

Acosta, P.J., Sweeny, Gische, Andrias, Gesmer, JJ.


5485 99055/15

[*1]The People of the State of New York, Respondent,
v
Justin McCalla, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Beth R. Kublin of counsel), for respondent.



Order, Supreme Court, Bronx County (Efrain Alvarado, J.), entered on or about May 20, 2016, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The record supports the court's discretionary upward departure, based on clear and convincing evidence establishing the existence of aggravating factors not adequately accounted for by the risk assessment instrument (see People v Gillotti, 23 NY3d 841, 861—862 [2014]; People v Velasquez, 143 AD3d 583 [1st Dept 2016], lv denied 28 NY3d 914 [2017]). As the Board of Examiners of Sex Offenders recommended, an upward departure was supported by the extent of defendant's involvement in child pornography, and his previous federal arrest for possession of child pornography, which resulted in a dismissal following defendant's completion of a pretrial diversion program.
Although defendant emphasizes that his prior federal arrest did not result in a conviction, the disposition appears to have been similar to an adjournment in contemplation of dismissal, which is not an adjudication on the merits (Hollender v Trump Vil. Coop., 58 NY2d 420 [1983]). In any event, the underlying facts of a dismissed case may be considered in sex offender proceedings (People v Burch, 90 AD3d 1429, 1431 [3d Dept 2011]). Rather than profiting from an opportunity for rehabilitation, defendant went on to more serious involvement with child pornography, and this may indicate a danger of recidivism.
We also find that the mitigating factors cited by defendant were accounted for in the risk assessment instrument, and were outweighed by the seriousness of his conduct and prior history.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 18, 2018
CLERK