People v Ellis (2022 NY Slip Op 02654)

People v Ellis

2022 NY Slip Op 02654

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, WINSLOW, AND BANNISTER, JJ.

54 KA 20-00788

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DALTON J. ELLIS, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JOHN J. MORRISSEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Genesee County Court (Charles N. Zambito, J.), entered June 18, 2020. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: On appeal from an order adjudicating him to be a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court erred in assessing points under risk factors 3, 4 and 12, and that the court deprived him of due process when it sua sponte assessed points under risk factor 2 for having engaged in deviate sexual intercourse. We agree with defendant that the court erred in assessing points under risk factor 4, and we therefore deduct 20 points from his score on the risk assessment instrument (RAI). Doing so reduces defendant's score to 95, making him a presumptive level two risk. Neither defendant nor the People sought a departure from the presumptive risk level. We therefore modify the order by determining that defendant is a level two risk pursuant to SORA.
As a preliminary matter, we note that defendant failed to preserve his contention that the court violated his due process rights by sua sponte assessing 15 more points under risk factor 2 than requested by the People (see People v Chrisley, 172 AD3d 1914, 1914-1915 [4th Dept 2019]; see generally People v Koons, 108 AD3d 1212, 1212-1213 [4th Dept 2013]). We decline to review that contention in the interest of justice (see People v Charache, 32 AD3d 1345, 1345 [4th Dept 2006], affd 8 NY3d 829 [2007]; cf. Chrisley, 172 AD3d at 1915).
With respect to risk factor 12, we reject defendant's contention that the court erred in determining that he failed to accept responsibility for his crime. Although defendant admitted to the police that he had sexual contact with the victim and later defendant pleaded guilty to sexual abuse in the first degree, we agree with the court that defendant minimized his conduct when discussing his offense with the probation officer who prepared the presentence investigation report, thus warranting the assessment under risk factor 12 (see People v Berdejo, 192 AD3d 923, 924 [2d Dept 2021], lv denied 37 NY3d 912 [2021]; People v Askins, 148 AD3d 1598, 1599 [4th Dept 2017], lv denied 29 NY3d 912 [2017]; People v Dubuque, 35 AD3d 1011, 1011 [3d Dept 2006]). Thus, "[t]aking all of defendant's statements together, we conclude that they 'do not reflect a genuine acceptance of responsibility as required by the risk assessment guidelines' " (Askins, 148 AD3d at 1599).
The court erred, however, in assessing 20 points under risk factor 4 for having engaged in a continuous course of sexual misconduct. Points may be assessed under risk factor 4 if, as [*2]relevant here, the People establish by clear and convincing evidence that defendant engaged in "two or more acts of sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual contact, which acts are separated in time by at least 24 hours" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; see People v Haresign, 149 AD3d 1578, 1579 [4th Dept 2017]). Here, "[a]lthough the People presented evidence that defendant engaged in acts of sexual contact with the victim on more than one occasion, they failed to establish 'when these acts occurred relative to each other' " (People v Edmonds, 133 AD3d 1332, 1332 [4th Dept 2015], lv denied 26 NY3d 918 [2016]), and thus failed "to demonstrate that such instances were separated in time by at least 24 hours" (People v Jarama, 178 AD3d 970, 971 [2d Dept 2019]; see People v Farrell, 142 AD3d 1299, 1300 [4th Dept 2016]).
Defendant's remaining contention that the court erred in assessing points under risk factor 3 "is academic because, even without the [2]0 points at issue, defendant would still qualify as a level two risk" (People v Robinson, 160 AD3d 1441, 1442 [4th Dept 2018]; see People v Riddick, 139 AD3d 1121, 1122 [3d Dept 2016]).
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court