People v Mahar (2022 NY Slip Op 05427)

People v Mahar

2022 NY Slip Op 05427

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, AND WINSLOW, JJ.

645 KA 20-00289

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NICHOLAS B. MAHAR, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS, FOR RESPONDENT. 

 Appeal from an order of the Wayne County Court (John B. Nesbitt, J.), entered August 15, 2019. The appeal was held by this Court by order entered February 5, 2021, decision was reserved and the matter was remitted to Wayne County Court for further proceedings (191 AD3d 1237 [4th Dept 2021]). The proceedings were held and completed. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.) after a conviction of sexual abuse in the first degree (Penal Law § 130.65 [3]). We previously held this case, reserved decision, and remitted the matter to County Court to comply with Correction Law §§ 168-d (3) and 168-n (3) by setting forth the findings of fact and conclusions of law upon which it based its determinations (People v Mahar, 191 AD3d 1237, 1237 [4th Dept 2021]). Upon remittal, the court issued a written decision that fulfilled its statutory obligations.
Contrary to defendant's contention, the court properly assessed 25 points under risk factor 2, for sexual contact with the victim (sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual abuse). The evidence consisted of a letter prepared by a mental health counselor who conducted clinical assessments of three of the four children who had lived with defendant, all three of whom disclosed that defendant had had sexual contact with them. One child disclosed that defendant had engaged in anal sexual conduct with two of the four children. We conclude that the statements of the children constituted reliable hearsay that provided the requisite clear and convincing evidence for the assessment of points under that risk factor (see People v Darrah, 153 AD3d 1528, 1528 [3d Dept 2017]; People v Law, 94 AD3d 1561, 1562-1563 [4th Dept 2012], lv denied 19 NY3d 809 [2012]; People v Burch, 90 AD3d 1429, 1430-1431 [3d Dept 2011]).
Defendant further contends that the court erred in assessing 30 points under risk factor 3 for having three or more victims. It is well settled that, in determining the number of victims, " 'the hearing court is not limited to the crime of which defendant was convicted' " (People v Vasquez, 149 AD3d 1584, 1585 [4th Dept 2017], lv denied 29 NY3d 916 [2017]; see People v Jones, 196 AD3d 1179, 1180 [4th Dept 2021], lv denied 37 NY3d 916 [2021]; People v Tubbs, 124 AD3d 1094, 1094 [3d Dept 2015]). Thus, contrary to defendant's contention, the fact that he pleaded guilty with respect to only one victim is not dispositive (see People v Urrego, 145 AD3d 923, 923-924 [2d Dept 2016], lv denied 29 NY3d 905 [2017]). The court properly considered reliable hearsay evidence that there were at least two additional victims in the case that ultimately resulted in defendant's conviction (see People v Morrison, 156 AD3d 831, 831-832 [2d Dept 2017]; People v Madera, 100 AD3d 1111, 1112 [3d Dept 2012]; People v Radage, 98 AD3d 1194, 1194 [3d Dept 2012], lv denied 20 NY3d 855 [2012]).
We agree with defendant that the court erred in assessing 20 points for risk factor 4, for a continuing course of sexual misconduct. The documents in the record do not specify when defendant's acts of sexual misconduct "occurred relative to each other and thus [are] insufficient to establish a continuing course of sexual misconduct" (People v Farrell, 142 AD3d 1299, 1300 [4th Dept 2016]; see People v Ellis, 204 AD3d 1388, 1389-1390 [4th Dept 2022]; People v Edmonds, 133 AD3d 1332, 1332 [4th Dept 2015], lv denied 26 NY3d 918 [2016]). Even without those 20 points, however, defendant is still a level three risk (see generally People v Loughlin, 145 AD3d 1426, 1427 [4th Dept 2016], lv denied 29 NY3d 906 [2017]).
Finally, we reject defendant's contention that the court erred in assessing 10 points under risk factor 12, for not accepting responsibility. Although defendant made some admissions in his statements to the police, he also tried to blame the children for any sexual contact, and some of his explanations were incredible. We conclude that "[t]aking all of defendant's statements together, . . . they do not reflect a genuine acceptance of responsibility as required by the risk assessment guidelines" (Ellis, 204 AD3d at 1389 [internal quotation marks omitted]).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court