People v Wilgosz (2023 NY Slip Op 00593)

People v Wilgosz

2023 NY Slip Op 00593

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, MONTOUR, AND OGDEN, JJ.

983 KA 21-00310

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL WILGOSZ, DEFENDANT-APPELLANT. 

NICHOLAS B. ROBINSON, PUBLIC DEFENDER, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Niagara County Court (Matthew J. Murphy, III, J.), entered January 14, 2021. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that he was denied due process as a result of the nine-year delay between his release from jail on the underlying sex offense and the SORA determination. Although defendant challenged the timeliness of the proceeding, he never alleged that the delay deprived him of due process. He therefore failed to preserve that contention for our review (see People v Smith, 103 AD3d 616, 617 [2d Dept 2013], lv denied 21 NY3d 857 [2013]). In any event, we conclude that the contention lacks merit (see People v Gallagher, 129 AD3d 1252, 1253 [3d Dept 2015], lv denied 26 NY3d 908 [2015]; People v Martin, 119 AD3d 1385, 1385 [4th Dept 2014], lv denied 24 NY3d 906 [2014]; People v Wilkes, 53 AD3d 1073, 1074 [4th Dept 2008], lv denied 11 NY3d 710 [2008]).
We reject defendant's further contention that County Court erred in assessing points under risk factor 11 based on a history of alcohol or drug abuse and risk factor 12 for failure to accept responsibility. The evidence at the SORA hearing established that defendant told the probation officer who prepared the presentence investigation report that he began drinking alcohol and smoking marihuana when he was 13 years old, and he testified at the SORA hearing that he continued to use marihuana regularly until he was sentenced. That evidence supports the court's assessment of points under risk factor 11 (see People v Kunz, 150 AD3d 1696, 1696-1697 [4th Dept 2017], lv denied 29 NY3d 916 [2017]). With respect to risk factor 12, the court's assessment of points was warranted by defendant's denial of guilt to the probation officer who prepared his presentence investigation report, as well as by his testimony at the SORA hearing in which he repeatedly denied that he had engaged in sexual intercourse with the victim (see People v Anderson, 138 AD3d 1435, 1435 [4th Dept 2016], lv denied 27 NY3d 912 [2016]; see generally People v Ford, 25 NY3d 939, 941 [2015]). We therefore conclude that the court properly determined the appropriate risk level.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court