People v Hyman (2024 NY Slip Op 03207)

People v Hyman

2024 NY Slip Op 03207

Decided on June 13, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 13, 2024

536097
[*1]The People of the State of New York, Respondent,
v
Barry Hyman, Appellant.

Calendar Date:April 22, 2024

Before:Garry, P.J., Clark, Ceresia, Fisher and Powers, JJ.

Stephen W. Herrick, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
P. David Soares, District Attorney, Albany (Michael Connolly of counsel), for respondent.

Ceresia, J.
Appeal from an order of the Supreme Court (Peter A. Lynch, J.), entered June 30, 2022 in Albany County, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2019, defendant pleaded guilty to rape in the third degree and was sentenced to a prison term of three years to be followed by 10 years of postrelease supervision. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) designating defendant as a presumptive risk level two sex offender (90 points). The People completed a risk assessment instrument that also presumptively classified defendant as a risk level two sex offender (90 points). At the SORA hearing, defendant objected to the assessment of 30 points under risk factor 3 for three or more victims. In the alternative, defendant requested a downward departure. Supreme Court assessed 90 points, including 30 points under risk factor 3, and classified defendant as a risk level two sex offender, declining his request for a downward departure. Defendant appeals.
We affirm. Defendant initially argues that the People did not present clear and convincing evidence that there were three victims. Specifically, defendant asserts that he entered a guilty plea to a crime involving only one victim, and the record contains neither statements from the victims nor admissions by defendant that would establish sexual conduct with two additional victims. However, "a court's review of the evidence regarding the number of victims is not limited to the crime[ ] of conviction" (People v Smith, 128 AD3d 1189, 1189-1190 [3d Dept 2015] [internal quotation marks and citation omitted]), and the People may use reliable hearsay, including a case summary and presentence investigation report (hereinafter PSR), to establish the number of victims for SORA purposes (see People v Snay, 122 AD3d 1012, 1013 [3d Dept 2014], lv denied 24 NY3d 916 [2015]; People v Radage, 98 AD3d 1194, 1194 [3d Dept 2012], lv denied 20 NY3d 855 [2012]). Here, the case summary and PSR indicate that, during an approximately two-month period in 2019, defendant allowed three teenage girls to spend time in his apartment. The girls were between the ages of 15 and 16 at the time and were identified by their names and dates of birth. During this time, defendant provided the girls with marihuana and engaged all three in sexual intercourse. Defendant also forced one of the victims to watch while he had sex with another of the victims. The case summary and PSR establish the requisite clear and convincing evidence that there were three victims, justifying the imposition of 30 points (see People v Mahar, 208 AD3d 1612, 1613 [4th Dept 2022], lv denied 39 NY3d 906 [2023]).
Turning to defendant's remaining contention, we find no error in Supreme Court's denial of defendant's request for a downward departure [*2]from his presumptive risk level two designation. To support that request, "defendant was required to demonstrate, by a preponderance of the evidence, the existence of [a] mitigating factor[ ] not adequately taken into consideration by the risk assessment guidelines" (People v Salerno, 224 AD3d 1016, 1017 [3d Dept 2024] [internal quotation marks and citations omitted]). "Even if such a mitigating factor exists, the court then must make a discretionary determination as to whether the overall circumstances warrant a departure to prevent an overassessment of . . . defendant's 'dangerousness and risk of sexual recidivism' " (People v Wilson, 167 AD3d 1192, 1193 [3d Dept 2018] [citation omitted], quoting People v Gillotti, 23 NY3d 841, 861 [2014]). "Defendant's participation in sex offender treatment was taken into account as he was not assessed points under risk factor 12 (acceptance of responsibility) and consequently does not constitute a mitigating factor" (People v Salerno, 224 AD3d at 1017 [citations omitted]). Notwithstanding the foregoing, we note that Supreme Court considered defendant's request and concluded that his positive participation in that program, after initially declining to participate, did not warrant a downward departure, and we take no issue with this determination.
Garry, P.J., Clark, Fisher and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.