People v Russell (2025 NY Slip Op 06494)

People v Russell

2025 NY Slip Op 06494

Decided on November 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

860 KA 24-01207

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRENT L. RUSSELL, DEFENDANT-APPELLANT. 

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
VINCENT A. HEMMING, DISTRICT ATTORNEY, WARSAW (GABRIELLE M. LINSEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Wyoming County Court (Melissa Lightcap Cianfrini, A.J.), dated July 18, 2024. The order determined that respondent is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court erred in granting an upward departure from the risk level recommended by the Board of Examiners of Sex Offenders (Board). As the People correctly note, however, the court did not grant an upward departure; instead, it assessed 10 points under risk factor 12 (failure to accept responsibility) that were not recommended by the Board but were requested by the People. The assessment increased defendant's point total to 115, thereby rendering him a presumptive level three risk, and defendant did not request a downward departure.
To the extent that defendant contends that the court erred in assessing points under risk factor 12, we reject that contention. The evidence at the SORA hearing established that defendant denied guilt to the police following his arrest on the qualifying offense, denied guilt during his testimony at trial, denied guilt at sentencing, and denied guilt once again during his interview for the presentence investigation report (see People v Wilgosz, 213 AD3d 1271, 1272-1273 [4th Dept 2023]; People v Ellis, 204 AD3d 1388, 1389 [4th Dept 2022]). Moreover, although given the opportunity at the SORA hearing to take the stand and accept responsibility for his sexual offense, defendant remained silent (see People v Aldana, 154 AD3d 1020, 1021 [3d Dept 2017]). Under the circumstances, we conclude that defendant's statements not only fail to reflect a genuine acceptance of responsibility (see People v Mahar, 208 AD3d 1612, 1614 [4th Dept 2022], lv denied 39 NY3d 906 [2023]), they reflect a denial of responsibility.
Defendant further contends that his attorney was ineffective in failing to subpoena documents from the Department of Corrections and Community Services to establish that he successfully completed a sex offender treatment program while incarcerated, which he believes would have demonstrated that he accepted responsibility for the qualifying offense. There is no indication in the record, however, whether such documents exist. We note that "a sex offender's participation in a sex offender treatment program is some evidence that the offender has accepted responsibility and that such evidence must be considered in conjunction with any other reliable evidence bearing on the subject (e.g., statements by the sex offender)" (People v Solomon, 202 AD3d 88, 90 [1st Dept 2021], lv denied 38 NY3d 906 [2022] [emphasis added]). Thus, the fact that defendant may have successfully completed sex offender treatment does not preclude a finding that there was no "genuine acceptance of responsibility as required by the risk assessment guidelines developed by the Board" (People v Vasquez, 149 AD3d 1584, 1585 [4th Dept 2017], lv denied 29 NY3d 916 [2017]).
Defendant's remedy for his attorney's alleged failure to obtain relevant evidence for the SORA hearing "is to move before the County Court to vacate the order, at which time he can present evidence in support of his allegations, proof of which is otherwise absent from this record" (People v Johnson, 142 AD3d 1061, 1061 [2d Dept 2016], lv denied 28 NY3d 1104 [2016]; see People v Brown, 125 AD3d 1380, 1381 [4th Dept 2015]).
Entered: November 21, 2025
Ann Dillon Flynn
Clerk of the Court