People v Watkins (2026 NY Slip Op 01568)

People v Watkins

2026 NY Slip Op 01568

Decided on March 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 19, 2026

CV-24-1230
[*1]The People of the State of New York, Respondent,
vAnthony Watkins, Appellant.

Calendar Date:February 11, 2026

Before:Garry, P.J., Aarons, Ceresia, Fisher and Mackey, JJ.

Yorden C. Huban, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
Lee C. Kindlon, District Attorney, Albany (Caroline B. McCaffrey of counsel), for respondent.

Aarons, J.
Appeal from an order of the County Court of Albany County (Andra Ackerman, J.), entered February 16, 2024, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2009, defendant pleaded guilty to one count of transportation of a minor with intent to engage in criminal sexual activity (see 18 USC § 2423 [a]). Defendant was thereafter sentenced to 233 months of incarceration in the Federal Bureau of Prisons, to be followed by supervised release for life. In anticipation of his release from incarceration, the Board of Examiners of Sex Offenders notified defendant that he was required to register as a sex offender under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), and the Board prepared a risk assessment instrument (hereinafter RAI), assessing him 115 points and presumptively classifying him a risk level three sex offender. The People agreed with the Board's assessment but scored an additional 10 points under risk factor 12 (not accepting responsibility) and prepared an RAI assessing 125 points against defendant, presumptively classifying him as a risk level three sex offender. Following a hearing at which no departures were sought,[FN1] County Court assessed defendant 125 points — a risk level three classification. Defendant appeals.
We affirm.[FN2] "The People bear the burden of establishing the appropriate risk level classification by clear and convincing evidence and, in so doing, may submit reliable hearsay evidence including — as relevant here — the RAI, the federal presentence investigation report . . . and the Board's case summary" (People v Stammel, 227 AD3d 1322, 1323 [3d Dept 2024] [internal quotation marks and citations omitted]; see People v Jony, 219 AD3d 1438, 1438 [3d Dept 2023]). Contrary to defendant's contention, we find that the record contains sufficient reliable evidence to support the assessment of 20 points under risk factor 7 (relationship with victim — stranger or established for the purpose of victimizing). In particular, evidence of defendant's months-long communications with the victim prior to his crime demonstrated, clearly and convincingly, that the crime "was directed at a stranger or a person with whom a relationship had been established or promoted for the primary purpose of victimization" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006]; see People v Jony, 219 AD3d at 1438-1439; People v LaShomb, 161 AD3d 1465, 1466 [3d Dept 2018]; People v Parisi, 147 AD3d 1162, 1163-1164 [3d Dept 2017]; cf. People v Gillotti, 23 NY3d 841, 852-853 [2014]).
Defendant's contention that County Court erred in assessing additional points under risk factor 12 "is academic since, even if [10] points were subtracted from his risk level score, his point total would remain within the range of a presumptive risk level [three] designation" (115 points) (People v Hernandez, 236 AD3d 835, 836 [2d Dept 2025], lv denied 44 [*2]NY3d 906 [2025]; see People v Scott, 230 AD3d 1487, 1487 [3d Dept 2024]; People v Ellis, 204 AD3d 1388, 1390 [4th Dept 2022]; People v George, 142 AD3d 1059, 1060-1061 [2d Dept 2016]). To the extent that we have not addressed any of defendant's remaining claims, they are academic in light of our decision or have been considered and found to be without merit.
Garry, P.J., Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Defendant did not attend the hearing.

Footnote 2: Inasmuch as defendant raised no objection at the SORA hearing to the 95 points scored for risk factors 2, 4, 5, 9 and 11, any challenge to the assessment of these 95 points under these risk factors is not properly before us (see People v Scott, 230 AD3d 1487, 1487 [3d Dept 2024]; People v DeDona, 102 AD3d 58, 63 [2d Dept 2012]).